### (July 3, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THURMAN WILLIS, Appellant.— Judgment of the Supreme Court, Kings County, rendered June 15, 1965, convicting appellant of three counts of murder in the first degree, upon a jury verdict, affirmed. The evidence was overwhelmingly persuasive that appellant shotgunned to death three people, including a five-year-old child. His former common-law companion, against whom his anger was principally directed, survived the ordeal and was the chief prosecution witness against him. His guilt was proved well beyond a reasonable doubt. We have examined all his appeal points and find that none of them singly or compositely requires a reversal or a new trial. It is necessary, however, to comment upon the use, at the trial, of his codefendant's (his brother who was tried jointly with him) pretrial confessions without redaction. Careful and repeated instructions were given to the jury during the trial and in the charge that the codefendant's confessions were not to be used or considered against appellant. No request for redaction was made at the trial; nor would redaction have been practical under the circumstances of this case. We hold that the procedure followed in regard to the confessions of the codefendant was proper and in accord with the guidelines promulgated in *People* v. *Vitagliano* (15 N Y 2d 360; see also, *People* v. *Realmuto,* 24 A D 2d 579). The very recent holding of the Supreme Court of the United States in *Bruton* v. *United States* (391 U. S. 123) does not require a reversal in the case now before us. In *Bruton,* the Confrontation Clause of the Sixth Amendment was held violated where a codefendant's confession was used against Bruton in a Federal prosecution. The codefendant, Evans, did not take the stand and was not subject to cross-examination. This was the critical feature of the *Bruton* holding. In the case at bar, the codefendant, of whose confessions appellant now complains, took the stand and was subject to full cross-examination. Moreover, in *Bruton,* the Supreme Court observed that the Evans confession evidence was substantial and even critical as against Bruton. Here, the confessions of the codefendant, insofar as they implicate appellant, were cumulative and of very little significance when viewed from the totality of evidence pointing unequivocally to appellant's guilt. For the foregoing reasons, we find there was no prejudice or error in the use of the codefendant's confessions at the joint trial. Beldock, P. J., Christ, Rabin, Hopkins and Martuscello, JJ., concur.